An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CARLOS ERIBERTO ORELLANA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 56438

FILED

MAR 2 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of murder with the use of a deadly weapon and one count of attempted murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Doug Smith, Judge.

Appellant Carlos Orellana was convicted of second-degree murder with the use of a deadly weapon for shooting Brandon Gahanga and attempted murder for shooting at Ernesto Martinez. During jury selection, the State used a peremptory challenge to strike prospective juror no. 70 (juror no. 70), the sole remaining minority in the jury pool. After the State's peremptory challenge, Orellana's attorney requested to approach the bench, where a brief discussion was held outside the hearing of the jury. During the bench conference, Orellana's attorney objected to the State's peremptory challenge, stating he was "just going to have to make a Batson [challenge] concerning [the State's] decision to [strike juror no. 70.]" In response, the district court stated it would "break for

13-09204

lunch[,] . . . release [juror no. 70, and] . . . [t]hen . . . do the Batson."[1] After formally dismissing juror no. 70, the district court conducted the Batson hearing and rejected Orellana's challenge.[2]

The jury convicted Orellana and this appeal followed. On appeal, Orellana argues that the district court erred in denying his Batson challenge.[3]

In criminal prosecutions, the Sixth Amendment provides a defendant the right to a fair trial—which includes the right "to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria." Batson v. Kentucky, 476 U.S. 79, 85-86 (1986). Thus, peremptory challenges cannot be used to remove potential jurors solely on the basis of their race. Diomampo v. State, 124 Nev. 414, 422, 185 P.3d 1031, 1036 (2008).

In reviewing a Batson challenge, this court gives great deference to the trial court's decision. Diomampo, 124 Nev. at 422-23, 185

---

[1]We note that prior to juror no. 70's dismissal, there is no record of Orellana providing a prima facie case for his Batson challenge or of the State providing a race neutral reason for striking juror no. 70.

[2]The parties are familiar with the facts in this case; thus, we will not recount them except as pertinent to this disposition.

[3]Orellana raises three additional issues on appeal: (1) there was insufficient evidence to support his conviction, (2) the district court erred in allowing the jury to view an audio-video playback of a witness' testimony, and (3) the district court erred in allowing non-relatives to speak at the sentencing hearing. We conclude that there was sufficient evidence to convict Orellana. See Mitchell v. State, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008); Jackson v. Virginia, 443 U.S. 307, 319 (1970). Due to our determination regarding the Batson issue, we decline to address Orellana's additional arguments on appeal.

P.3d at 1036-37. However, any structural errors in the <u>Batson</u> challenge process warrant an automatic reversal because structural errors "'render a trial fundamentally unfair.'"[4] <u>Cortinas v. State</u>, 124 Nev. 1013, 1024, 195 P.3d 315, 322 (2008) (quoting <u>Neder v. U.S.</u>, 527 U.S. 1, 8 (1999)). If a party formally asserts a <u>Batson</u> challenge to the opposing party's use of a peremptory challenge, a district court commits a structural error if it dismisses the challenged prospective juror prior to conducting a <u>Batson</u> hearing. <u>Brass v. State</u>, 128 Nev. ___, ___, 291 P.3d 145, 149 (2012).

Here, the district court dismissed juror no. 70 prior to conducting the <u>Batson</u> hearing; therefore, in accordance with <u>Brass</u>, the district court committed a structural error. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

_____ J.
Parraguirre

---

[4]An error is structural when it affects how a "trial proceeds, rather than simply an error in the trial process itself." <u>Manley v. State</u>, 115 Nev. 114, 122, 979 P.2d 703, 708 (1999) (quoting <u>Arizona v. Fulminante</u>, 499 U.S. 279, 310 (1991)).

cc: Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A